Lin v. Holder

BIA
Gordon-Uruakpa, IJ
A087 445 511

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of August, two thousand twelve.

PRESENT:
    GUIDO CALABRESI,
    GERARD E. LYNCH,
    DENNY CHIN,
        *Circuit Judges.*

_____

WANHANG LIN, AKA MING CAO LIN,
        *Petitioner,*

            v.                              11-3888
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:     Gary J. Yerman, New York, New York.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney
                    General; Shelley R. Goad, Assistant
                    Director; Elizabeth R. Chapman, Trial
                    Attorney, Office of Immigration
                    Litigation, Civil Division, United States
                    Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wanhang Lin, a native and citizen of the People's Republic of China, seeks review of a September 6, 2011, order of the BIA affirming the October 7, 2009, decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wanhang Lin*, No. A087 445 511 (B.I.A. Sep. 6, 2011), *aff'g* No. A087 445 511 (Immig. Ct. N.Y. City Oct. 7, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications, such as Lin's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on

2

an applicant's demeanor, the plausibility of his account, or inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Here, the agency's adverse credibility determination rested in part on the IJ's finding that Lin's credibility was undermined because a letter he submitted from his father did not include his father's role in taking Lin to a hospital after he was released from detention. Generally, the agency may rely on omissions as the basis for an adverse credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008) (per curiam). However, the agency's assumption that the letter should have mentioned that hospital visit is not supported by the record: the letter was personal correspondence to Lin, detailing only the broad outline of what happened to him in China and wishing him good luck in his asylum application, and thus there was no reason to expect that it would include this detail.

Nevertheless, remand is not necessary as "we can state with confidence that the IJ would adhere to [her] decision were the petition remanded," because there are "ample,

3

error-free grounds that provide substantial evidence to support the IJ's adverse credibility determination." *Singh v. BIA*, 438 F.3d 145, 149-50 (2d Cir. 2006) (per curiam) (quotations omitted).

The record supports the IJ's finding that Lin's credibility was undermined by inconsistencies between his testimony and his wife's regarding when they started practicing Falun Gong and when they last practiced Falun Gong. The IJ was not required to provide Lin with an opportunity to explain the inconsistencies as they were explicitly discussed during the hearing, putting Lin and his attorney on notice. *Ming Shi Xue v. BIA*, 439 F.3d 111, 120-21 (2d Cir. 2006). Lin also argues that the IJ erred in using his wife's testimony as the basis for an adverse credibility determination, because the testimony was corroborating evidence and this Court's case law distinguishes between credibility determinations and findings about the adequacy of corroborating evidence. However, under the REAL ID Act, immigration judges may rely on inconsistencies between an applicant's statements and any "other evidence [in the] record" in making a credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

4

The record also supports the IJ's finding that Lin's credibility was undermined by the fact that he failed to testify about being hit in the head with a brick when he was first arrested, while his written statement stated that he was hit. The IJ was not compelled to accept Lin's explanation that he was confused, as the record shows that Lin was explicitly asked what happened when he was arrested. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original; quotations omitted)).

Additionally, the IJ reasonably concluded that Lin's corroborating evidence did not rehabilitate his otherwise questionable testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As discussed above, Lin's wife's testimony contradicted his testimony. And we defer to the IJ's conclusion that the uncorroborated detention notice Lin submitted was entitled to no weight in light of a State Department report indicating that many documents from Fujian Province, the source of the notice, are fraudulent. We

5

similarly must defer to the IJ's other concerns about Lin's credibility. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007).

Together, the inconsistences between Lin's testimony and his wife's testimony and his asylum application constitute substantial evidence in support of the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Accordingly, the agency did not err in denying Lin's applications for asylum, withholding of removal, or CAT relief based on that credibility finding. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6